```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

VICTOR LABOY                  )
   Petitioner,                )
                              )
    v.                        )   C.A. No. 05-CV-11360-NG
                              )
UNITED STATES OF AMERICA      )
   Respondent.                )
```

## GOVERNMENT'S OPPOSITION TO
## PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

The United States of America hereby files this opposition to the petition of Victor Laboy ("Laboy") pursuant to 28 U.S.C. § 2255.  For the reasons stated below, Laboy's petition should be summarily denied because Laboy's conviction was final prior to the filing of his petition pursuant to § 2255, and because the United States Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005) is not retroactive.  See Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir.2005); United States v. Fraser, 407 F.3d 9,11 (1st Cir.2005).  Laboy's petition should also be denied because it is untimely.

On October 9, 2001, Laboy pled guilty to distributing heroin.  On March 20, 2002, this Court sentenced Laboy to a term of 168 months incarceration.  The judgment of conviction entered on June 27, 2002.  On December 9, 2003, the United States Court of Appeals for the First Circuit affirmed.[1]  On June 27, 2005,

---

[1] Laboy's conviction became final on March 10, 2004 (the time in which Laboy could have petitioned the United States

1

approximately a year and half after his conviction became final, Laboy filed this collateral attack on his sentence based on retroactive application of United States v. Booker, 125 S.Ct. 738 (2005).

Laboy's petition must be summarily denied because the First Circuit has squarely held that Booker is not retroactive. United States v. Fraser, 407 F.3d 9,11 (1st Cir. 2005) ("petitions under 28 U.S.C. §2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive"); Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) ("Booker itself did not give any clear hint that retroactive effect is intended" and "[e]very other circuit that has considered this issue has agreed that Booker does not apply retroactively"). The First Circuit's view is in accord with other circuits that have addressed the issue. See, e.g., Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-863 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-481 (7th Cir. 2005); United States v. Mitchell, 122 Fed.Appx. 539, 540 (2d Cir. 2005) (unpublished); United States v. Leonard, 120 Fed.Appx.

---

Supreme Court for certiorari expired on March 10, 2004). See Supreme Court Rule 13(1). Thus, Laboy's conviction became final *before* the Supreme Court issued its decisions in Booker and Fanfan.

759, 761 (10th Cir. 2005)(unpublished).[2]

In addition, Laboy's petition is untimely.  Congress prescribed a one-year period of limitation for such motions running, in this instance, from the date on which the judgment of conviction became final.  See 28 U.S.C. § 2255 ¶6(1).  As noted Laboy's conviction became final on March 10, 2004, and the limitations period therefore expired on March 10, 2005.  Laboy filed this petition on June 27, 2005.

---

[2] See also Medina v. United States, 2005 WL 1223411, at *2 (D.Mass. May 23, 2005) (O'Toole, J.) (noting that neither Booker nor Blakely "has been given retroactive application by the Supreme Court"); Mounts v. United States, 2005 WL 1364037, at *1 (D.Me. Jun. 8, 2005) ("in the context of a timely §2255 motion, . . . Booker should not be applied retroactively"); May v. United States, No. Civ. 04-210PH, 2005 WL 839101, at *1 (D.Me. Apr. 8, 2005); Santana v. United States, 2005 WL 1397413, at *7 (D.P.R. Jun. 8, 2005) ("[l]ike Blakely, Booker is not retroactive").

CONCLUSION

For the foregoing reasons, Laboy's petition should be summarily denied because Laboy's conviction was final prior to the filing of his petition pursuant to § 2255, and because the United States Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005) is not retroactive, and because the petition is untimely.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                      By:   s/ PETER K. LEVITT
                              PETER K. LEVITT
                              Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this 1st day of August, 2005, served by mail upon the person listed below a copy of the foregoing document:

    Victor Laboy; Reg. No. 21802-038
    FCI Fort Dix
    Federal Correctional Institution
    P.O. Box 7000
    Fort Dix, NJ  08640


    S/ PETER K. LEVITT
    PETER K. LEVITT
    ASSISTANT UNITED STATES ATTORNEY