IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

v.  Case No: 05-CV-11360-NG

**VICTOR LABOY,**
  Petitioner.

### PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION
### TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

**NOW COMES**, the petitioner, appearing pro se in the above matter, respectfully requesting that the Honorable Court accept this, his Reply to Government's Opposition to Petitioner's Motion under 28 U.S.C. § 2255, and would show the Court as follows:

### PROCEDURAL BACKGROUND

On October 9, 2001, the petitioner pled guilty to distributing heroin. On March 20, 2002, this court sentenced the petitioner to a term of 168 months incarceration. The judgement of conviction entered on June 27, 2002. On December 9, 2003, the United States Court of Appeals for the First Circuit affirmed. On June 27, 2005, the petitioner filed the instant collateral attack on his sentence based upon <u>Dodd v. United States</u> 125 S.Ct. 2478 (2005), and within a year of the <u>Booker</u> decision in the U.S. Supreme Court.

THE GOVERNMENT'S ILL-ADVISED ASSERTION THAT THE PETITIONER'S MOTION IS BARRED BY THE ONE YEAR LIMITATION UNDER 28 U.S.C. ß 2255(6)3 IS CONTRARY TO THE U.S. SUPREME COURT'S REASONING IN DODD v. UNITED STATES, 125 S. Ct. 2478, WHICH RESULTS IN THE GOVERNMENT'S POSITION BEING FRIVILOUS.

The petitioner contends that the Government's position is frivilous as to the timeliness of the petitioner's 'initial' 28 U.S.C.ß 2255 Motion to Vacate due to the Government's pre-Dodd interpretation of ß 2255(6)3. The petitioner's asserted claim is timely pursuant to 28 U.S.C. ß 2255(6)3 and in light of Dodd v. United States, 125 S. Ct. 2478 (2005). In most cases, the operative date from which the limitations period is measured will be the one identified in (6)1, which is one year after the conviction has become final, **but later filings are permitted when subsections (2)-(4) apply**; therefore, pursuant to ß 2255(6)3 and the reasoning in Dodd, supra, the Government's position must fail, because the petitioner's motion was filed within a year of the Supreme Court's decision asserting the 'newly recognized right' asserted, i.e. Apprendi, Blakely, and **Booker**; therefore, the motion is timely.

**Retroactivity**

The Government cannot depend upon United States v. Fraser, 407 F.3d 527 (1st Cir. 2005), for purposes of denying Booker claims in light of Dodd v. United States. The Fraser court denied initial ß 2255's advancing Booker claims based upon the premises that, " **the Supreme Court has not made Booker retroactive.**" In light of the Supreme Court reasoning in Dodd, it is now certain that Fraser is no longer good law, due to the actions of the Dodd court clarifying the meaning of ß 2255(6)3, stating that, ' a petitioner must file his petition asserting his claim based upon a

'newly recognized right' **regardless** of a direct statement from the U.S. Supreme court as to retroactivity, because a direct statement from the Supreme Court is rarely made by the Court, and **any** federal court is allowed to make the retroactivity decision in the absence of such action by the U.S. Supreme Court. See Rodriguez v. United States, 239 F.3d at 274 (1st Cir. 1988).

**WAIVER**

The petitioner further contends that his counsel was ineffective for failing to appeal the unconstitutionality of the mandatory guidelines scheme as applied to the defendant in light of Apprendi, which was the law at the time of conviction, and the petitioner **did not waive his right** not to be sentenced pursuant to 'unconstitutional provisions of the guidelines and the Sentencing Reform Act of 1984'. See Halbert v. Michigan, 0310198 U.S. LEXIS 5012 (S. Ct. 2005).(See Hon. Justice Thomas dissent ft. note). Any waiver of the right not to be sentenced to the unconstitutional provisions of the guidelines is unenforceable, and therefore, the petitioner should be allowed to appeal his sentence pursuant to Booker v. United States, 04-104, S. Ct.(2005), and/or allow the District Court to resentence the petitioner pursuant to the plea agreement **without any additional findings.**

**HARMLESS ERROR ANALYSIS**

The petitioner contends that the U.S. Court of Appeals use of the harmless error analysis on appeal due to the preponderance of the evidence finding of a 'leadership role' in the offense is clear error of a 'structural nature'. The federal courts have incorrectly characterized United States v. Cotton, 535 U.S. 625, 631 (2002). Instead of holding that harmless error analysis applied to Apprendi violations, the Supreme Court in Cotton **actually applied the plain error** doctrine. It held that plain error analysis could be ap-

could be applied to Apprendi violations and concluded that the error at issue did not affect the "fairness, integrity, or public reputation" of the proceedings. Id. at 631,632.

The Ninth Circuit subsequently addressed whether harmless error could be applied to Apprendi violations and held that the Supreme Court's analysis in Cotton regarding plain error did not control its decision: "United States v. Cotton... does not control or aid our analysis. The lack of drug quantity in the indictment and jury decision in that case was analyzed under plain error, not harmless error." United States v. Jordan, 291 F.3d 1091, 1096 n.7 (9th Cir. 2002).

The Ninth Circuit went on to find that harmless error is not appropriate where the exceptional sentence is greater than that allowed for the offense charged and found by the jury..Id. at 1096-97. Like the Supreme Court in Sullivan, the Ninth Circuit found that harmless error analysis in such a situation would require too much speculation "when quantity (the basis for the exceptional sentence) is neither alleged in the indictment nor proved to a jury beyond a reasonable doubt, there are too many unknowns to be able to say with any confidence, let alone beyond a reasonable doubt, that the error was harmless." Id. at 1096. The reasoning in Sullivan v. Louisiana, 508 U.S. at 279-80 articulates the absurdity of applying harmless error to Apprendi/Blakely Sixth Amendment violations, because there was no jury finding beyond a reasonable doubt of the aggravating factors warranting an enhanced sentence.

**WHEREFORE**, for all of the above reasons and in the interest of justice and fairness the petitioner respectfully request that his sentence is Vacated and he is Remanded.

Respectfully,

17 August 2005

*Victor Laboy*
Victor Laboy

IN THE UNITED STATES DISTRICT COURT
FOR THE        DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
                            )
        vs.                 )    CRIMINAL NUMBER: 05-CV-11360-NG
                            )
                            )
                            )
VICTOR LABOY

---

### PRO SE CERTIFICATE OF SERVICE

I, VICTOR LABOY, Petitioner herein, do hereby certify that an original and two copies of the foregoing filing has been furnished upon the Office of Clerk for the United States District of MASSACHUSETTS :

OFFICE OF THE CLERK
U.S. DEPARTMENT OF JUSTICE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

And a true and correct copy has been furnished upon the Office of the United States Attorney for the        District of MASSACHUSETTS :

ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY
DEPARTMENT OF JUSTICE
DISTRICT OF MASSACHUSETTS

I declare under penalty of perjury that the foregoing is true and correct. Executed on this day   17   of  AUGUST , 2005

Victor Laboy