Victor Laboy
REG.#21802-038
P.O. BOX 7000
FT. DIX, NEW JERSEY 08640

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MASS. 02210

RE: UNITED STATES v. VICTOR LABOY
CASE NO:05-CV-11360-NG

DEAR CLERK,

Please be advised that I am the petitioner in the above case respectfully requesting that this document be accepted as a 'Motion to Supplement the 28 U.S.C. § 2255 Motion to Vacate, Set-Aside his Sentence and/or Conviction.

The petitioner contends that the Government's position as to the retroactivity of Blakely, Booker/Fanfan is frivolous. The petitioner has already sumbmitted his argument to support his retroactivity position, which was not discussed within the Government's argument whatsoever. The petitioner contends that Booker and Blakely is clearly applicable to 'first' petitions pursuant to § 2255. The Government and the various courts are confusing the U.S. Supreme Court's position as to the 'Remedial Opinion' versus the 'Sixth Amendment violation itself', which is where the confusion lies. See United States v. Siegelbaum, CV no. 04-1380-PA (Chief Judge Panner's opinion as to why Blakely's Sixth Amendment holding is applicable to 'initial' § 2255 motions challenging sentence).

The court and the Government suggests that no court may entertain a § 2255 unless and until the Supreme Court declares that Booker and Blakely apply retroactively to cases on collateral review. The government cites no authority for the proposition that only the Supreme Court may make an initial

retroactivity determination. Cf. <u>United States v. Dodd</u>, 365 F.3d 1273, 1278, (11th Cir. 2004) Cert. granted. ("every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255(3)").

The Supreme Court often will not determine whether a rule applies on collateral review until it decides a case actually presenting that issue-- yet under the view advanced by the government, such a case might never be entertained. At a minimum, years might elapse before a test case made its way through the lower courts and was decided by the Supreme Court.

In the meantime, Mr. Laboy will continue to be unlawfully imprisoned, assuming for the moment that his arguments are meritorious. The interpretation of § 2255 that the government urges the court to accept raises serious constitutional concerns.

The statutory language governing initial § 2255 motions differs from that governing successive petitions. The statutory language governing initial § 2255 motions establishes a limitations period, the latest date on which the motion may be filed, not the earliest date.

### A. Whether Blakely and Booker Apply Retroactivity to Cases on Collateral Review.

The Supreme Court has not yet stated whether the rule announced in <u>Blakely</u> and <u>Booker</u> applies retroactively to cases on collateral review. The lower-court decisions that the Court was reveiwing were direct-appeals. Discussion of retroactivity would have been gratuitous, and was not briefed. Consequently, no inference can be drawn from the Court's failure to discuss that issue.

In ascertaining whether <u>Booker</u> applies retroactively, the first step is to clarify what rule the Court announced, a process complicated here by

the unusual alignment of justices. The remedy endorsed by five members of the Court (which made the Sentencing Guidelines advisory) must not be confused with the constitutional violation at issue. The constitutional violation was the enhancement of a sentence, above the "statutory maximum," based upon facts neither admitted by the defendant nor found by a jury to be true beyond a reasonable doubt. Booker, ___ at ___.

The second step in analyzing retroactivity is to determine whether Blakely and Booker announce a "new" rule. A "case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989) (plurality opinion). Mr. Laboy's conviction became final in after the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Although Blakely and Booker are extensions of Apprendi, the latter's application to the federal sentencing guidelines was not "dictated" by Apprendi. Prior to Blakely, every circuit that considered the question concluded that Apprendi did not apply to the federal sentencing guidelines. See e.g., United States v. Hernandez-Guardado, 228 F.3d 1017, 1026-27 (9th Cir. 2000).

Whether Booker was dictated by Blakely presents a closer question, but it is one that need not be addressed today in the instant case. Mr. Laboy's conviction became final before either Booker or Blakely was announced. Even if Booker were dictated by Blakely, it would still constitute a new rule so far as Mr. Laboy is concerned.

The next step is to decide whether the new rule is "substantive" or "procedural." A rule is substantive, for the present purpose, if it alters the range of conduct or the class of persons the law punishes. Rules that

Schriro addressed only the allocation of factfinding responsibility between the judge and jury. There is a second component to Blakely/Booker that Schriro did not address, namely, that facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt rather than by a preponderance of the evidence.

The Supreme Court acknowledged that the standard of proof can significantly impact factfinding accuracy and society's confidence in the result. In Re Winship, 397 U.S. 358, 363 (1970) ("The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error") and at 364 ("the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law"); Ivan V. v. City of New York, 407 U.S. 203, 205 (1972) (purpose of reasonable doubt standard is "to overcome an aspect of a criminal trial that substantially impairs the truth-finding function, and Winship is thus to be given complete retroactive effect"); Hankerson v. North Carolina, 432 U.S. 233 (1977) (giving retroactive effect to rule requiring proof of all elements of crime beyond a reasonable doubt and voiding presumptions that shift burden of proof to defendant). Winship, Ivan K., and Hankerson pre-date the retroactivity standard announced in Teague. Those decisions also concerned the validity of the underlying conviction, rather than a sentence enhancement. On the other hand, at least five Justices have said that sentence enhancments are of sufficient importance to warrant application of the reasonable doubt standard in some instances. See Apprendi, Blakely, and Booker. supra. given this history, the court cannot exclude the possibility that the Court might apply Blakely/Booker retroactively in some situations.

As in United States v. Sanchez-Cervntes, 282 F.3d 664, 671 (9th Cir. 2002), the Government has taken the position that Booker is not retroactive to collateral review.

regulate only the manner of determining the defendant's culpability are procedural. Schriro v. Summerlin, ___ U.S. ___, 124 S. Ct. 2519, 2523 (2004). Applying this definition, the rule announced in Blakely and Booker is procedural.

New substantive rules generally apply retroactively, because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal" or faces a punishment the law cannot impose upon him. Id. at 2522-23 (internal citation omitted). New rules of procedure generally are not retroactive. They "merely raise the possibility that someone convicted with the use of the invalidated procedure might have been acquitted otherwise. Because of this more speculateive connection to innocence," retroactive effect is given "to only a small set of 'watershed rules of criminal procedure' implicating the fundamental fairness acnd accuracy of the criminal proceeding." Id. at 2523 (citations omitted). That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one "without which the likelihood of an accurate conviction is seriously diminished." Id. (citations omitted).

The government asserts that retroactive application of Blakely/Booker is foreclosed by Schriro. That is only partly true. Schriro held that a rule "requiring that a jury rather than a judge find the essential facts bearing on punishment" in capital cases would not be applied retroactively to cases on collateral review. Id. at 2523-26. The Court was not persuaded that accuracy is so seriously diminished by judicial factfinding as to produce an impermissably large risk of injustice. Id. See mainly U.S. v. Garner, No: 4:01 CR 321 (N.D. OHIO Aug. 2005), the Hon. Judge Dowd examined whether "the sentence-enhancing 'fact' (quantity of cocaine attributable to the defendant) in a situation where the 'fact' results in a mandatory minimum sentence which exceeds the range calculated in the process of determining the guideline range."

In reaching that conclusion, the panel relied upon a narrow interpretation of Apprendi that has now been repudiated in Blakely and Booker. As the concurring opinion by Judge Hug observed, if the panel's understanding of Apprendi was mistaken, then "the Teague analysis would be quite different" Sanchez-Cervantes, 282 F.3d at 673.

the bottom line is that existing precedent does not definitively answer whether the rule announced in Blakely/Booker applies retroactively. Nevertheless, existing precedent does provide sufficient guidance to resolve Mr. Laboy's motion.

**WHEREFORE**, for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that the Honorable Court grant his Motion to Vacate, and his Motion to Supplement in Support of his issues, and that the court resentence him accordingly and/or allow an evidentiary hearing.

08 Nov. 2005

Respectfully,

Victor Laboy

26

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
vs. ) CRIMINAL NUMBER: 05-CV-11360-NG
)
)
VICTOR LABOY )
)

## PRO SE CERTIFICATE OF SERVICE

I, VICTOR LABOY, Petitioner herein, do hereby certify that an original and two copies of the foregoing filing has been furnished upon the Office of Clerk for the United States District of MASSACHUSETTS :

OFFICE OF THE CLERK
U.S. DEPARTMENT OF JUSTICE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

And a true and correct copy has been furnished upon the Office of the United States Attorney for the District of MASSACHUSETTS :

ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY
DEPARTMENT OF JUSTICE
DISTRICT OF MASSACHUSETTS

I declare under penalty of perjury that the foregoing is true and correct. Executed on this day 08 of NOV, 2005

Victor Laboy